REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the constitutionality of LB 45. LB 45 essentially provides that a state agency must implement a legislative act even though an opinion of the Attorney General states that the act may be unconstitutional unless, within ten working days after the issuance of the opinion, the agency commences an appropriate legal action. LB 45 additionally provides that the Supreme Court shall have original jurisdiction to entertain such a lawsuit.
It is the opinion of this office that LB 45 is constitutionally questionable in at least one respect, insofar as it would require, in certain situations, the implementation of a clearly unconstitutional act by a state officer sworn to uphold the Constitution pursuant to Section Article XV, of the Constitution of Nebraska. While the officer certainly can be directed to commence a lawsuit to test the constitutional validity of the act, we do not believe he can be required to violate his oath if merely fails to commence such an action within a specified time limit.
The Nebraska Supreme Court in the case of Van Horn v.State, 46 Neb. 62, 64 N.W. 365 (1895), stated this principle as follows:
 ". . . We had thought it settled, at least since the decision of Marbury v. Madison, 1 Cranch [U.S.], 137, that the constitution is the supreme law, binding upon the legislature, as well as upon every citizen, and that no act of the legislature repugnant to the constitution can become a law for any purpose. . . . There can, however, in our mind, be no escape from these propositions, that the constitution is the fundamental law, that an act of the legislature repugnant thereto is not merely voidable by the courts, but is absolutely void and of no effect whatever. It is no law, and binds no one to observe it. The officers of this state are sworn to support the constitution. Where a supposed act of the legislature and the constitution conflict, the constitution must be obeyed and the statute disregarded. Ministerial officers therefore, not bound to obey an unconstitutional statute, and the courts sworn to support the constitution will not by mandamus compel . . . do so. . . . A doubt as to the validity of a statute would not justify them in disregarding it. The peace of the community, the orderly conduct of government, require that only in clear cases of unconstitutional should they refuse obedience to legislative acts. They always disregard them at their peril; but when they do disregard them, and the question is presented to the court as to whether or not obedience will be compelled, the question of the validity of the act is presented, and obedience will not be compelled if the act is unconstitutional, because in that case it law and imposes upon no one any duty. . . . If an act must be respected until its invalidity is declared by the judiciary in a proper proceeding, then the constitution is utterly ineffectual. Such a proceeding can never arise until some one refuses obedience to the act." (Id., pp. 8)
Based upon the above cited case, it is our opinion that LB45 would be constitutionally valid if it were limited in its application to those cases in which the constitutionality of the act in question is doubtful only. However, it is not so limited. Therefore, it is our opinion that the constitutionality of the act could not be defended since, by its terms, the act may be applied to require the implementation of a clearly unconstitutional act.
In addition, we feel it necessary to point out that situations may arise where in all practicality it would be impossible for the state agency to challenge an act by filing a lawsuit as contemplated by LB 45. Situations may arise wherein the agency does not have sufficient standing to challenge the constitutionality of an act. (See, for instance, State ex rel. Ridgell v. Hall, 99 Neb. 89,156 N.W. 16 (1916). As was recognized the Supreme Court inVan Horn, supra, in some cases a lawsuit may not be properly brought unless someone refuses compliance with the act. Some such situations practicality indicates that a lawsuit may only properly brought to test constitutionality if the state agency refuse compliance with the act. Therefore, LB 45 may place the state agency in a very difficult position relative to the practicality or propriety of commencing a lawsuit to test the constitutionality of an act since, in all practicality, a lawsuit may only be framed if the state agency refuses to implement the act.